1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

TRACY EVANS,                              )     NO. EDCV 09-2316 AGR
                                         )
                 Plaintiff,              )
                                         )
          v.                             )
                                         )     **MEMORANDUM OPINION AND**
MICHAEL J. ASTRUE,                       )     **ORDER**
Commissioner of Social Security,         )
                                         )
                 Defendant.              )
_____)

     Tracy Evans filed this action on January 4, 2010.  Pursuant to 28 U.S.C. §
636(c), the parties consented to proceed before Magistrate Judge Rosenberg on
January 19 and February 19, 2010.  (Dkt. Nos. 8, 9.)  On October 22, 2010, the
parties filed a Joint Stipulation ("JS") that addressed the disputed issues.  The
Court has taken the matter under submission without oral argument.

     Having reviewed the entire file, the Court affirms the decision of the
Commissioner.

///

///

///

///

# I.

## PROCEDURAL BACKGROUND

On September 27, 2007, Evans filed an application for supplemental security income benefits alleging an onset date of August 1, 2005. Administrative Record ("AR") 89-95. The application was denied initially and upon reconsideration. AR 37-46. Evans requested a hearing before an Administrative Law Judge ("ALJ"). AR 48. On June 3, 2009, the ALJ conducted a hearing at which Evans testified. AR 17-30. On August 27, 2009, the ALJ issued a decision denying benefits. AR 5-16. On September 17, 2009, Evans requested that the Appeals Council review the decision denying benefits. AR 4. On October 20, 2009, the Appeals Council denied the request for review. AR 1-3. This action followed.

# II.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

///

2

### A.   Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

### B.   The ALJ's Findings

The ALJ found that Evans has a medically determinable impairment of "mood disorder, not otherwise specified." AR 10. Evans "does not have an impairment or combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for 12 consecutive months; therefore, the claimant does not have a severe impairment or combination of impairments." *Id.*

### C.   Step Two of the Sequential Analysis

Evans argues that the ALJ erred at step two of the sequential analysis in his determination that she does not have a severe mental impairment.

At step two, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. *Id.* at 140.

> Your impairment must result from anatomical, physiological,
> or psychological abnormalities which can be shown by
> medically acceptable clinical and laboratory diagnostic

techniques.  A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by your statement of symptoms.

20 C.F.R. § 404.1508; 20 C.F.R. § 416.908.  "[T]he impairment must be one that 'significantly limits your physical or mental ability to do basic work activities.'"[1] *Yuckert*, 482 U.S. at 154 n.11 (quoting 20 C.F.R. § 404.1520(c)); *Smolen*, 80 F.3d at 1290 ("[A]n impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities.") (citation and internal quotation marks omitted).

"An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'"  *Webb v. Barnhart*, 433 F.3d 683, 686-87 (9th Cir. 2005) (emphasis in original, citation omitted).  Step Two is "a *de minimis* screening device [used] to dispose of groundless claims" and the ALJ's finding must be "'clearly established by medical evidence.'" *Id.* at 687 (citations and quotation marks omitted, emphasis added).

The ALJ found that Evans has a medically determinable impairment of "mood disorder, not otherwise specified," but found it to be not severe.  AR 10. Contrary to Evan's contention, the ALJ's determination was supported by substantial evidence.  The ALJ stated he gave "great weight" to consultative examiner Dr. Smith and state agency physicians Dr. Paxton and Dr. Skopec in finding that Evans' impairment was not severe.  AR 15-16.

---

[1]  The ability to do basic work activities includes "physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling," "capacities for seeing, hearing, and speaking," "understanding, carrying out, and remembering simple instructions," "use of judgment," "responding appropriately to supervision, co-workers, and usual work situations," and "dealing with changes in a routine work setting."  *Yuckert*, 482 U.S. at 168 n.6 (quotation marks omitted); *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).

4

Dr. Smith did "not see any objective evidence that [Evans] has an Axis I or Axis II disorder" and did not believe Evans was "impaired in her ability to work as long as she continues to abstain from drugs." AR 157. Dr. Smith also assessed Evans with a Global Assessment of Functioning ("GAF") of 85.[2] AR 156. Dr. Smith determined Evans was not functionally impaired in her ability to (a) understand, remember or complete simple and complex commands; (b) interact appropriately with supervisors, co-workers, or the public; (c) comply with job rules such as safety and attendance; (d) respond to change in the normal workplace setting; and (e) maintain persistence and pace in a normal workplace setting. AR 157. State agency physicians Dr. Paxton and Dr. Skopec agreed Evans did not have a severe mental impairment. *See* AR 158-71. The opinions of Drs. Smith, Paxton and Skopec support a finding that Evans does not have a severe mental impairment. As an examining physician's opinion based on independent clinical findings, Dr. Smith's opinion constitutes substantial evidence. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). A non-examining physician's opinion constitutes substantial evidence when, as here, it is supported by other evidence in the record and consistent with it. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

The ALJ considered the Department of Corrections and Rehabilitation treatment records. The ALJ found they did not opine that Evans has a severe mental impairment or is unable to work. AR 15, AR 173-84. The ALJ gave "some weight" to the GAF score of 65, which "shows some mild symptoms but

///

///

---

[2] A GAF of 85 indicates "[a]bsent or minimal symptoms (e.g., mild anxiety before an exam), good functioning in all areas, interested and involved in a wide range of activities, socially effective, generally satisfied with life, no more than everyday problems or concerns (e.g., an occasional argument with family members)." American Psychiatric Association, *Diagnostic Statistical Manual of Mental Disorders*, 34 (4th ed. 2000).

generally functioning pretty well."[3]  AR 15, 181.  As noted by the ALJ, no
functional limitations were assessed.  AR 15, 181.

Substantial evidence supported the ALJ's conclusion that Evans did not
have a severe mental impairment.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*,
533 F.3d 1155, 1165 (affirming finding that carpal tunnel syndrome was not a
severe impairment at step two where "the medical record does not establish any
work-related limitations as a result of this impairment"); *Matthews v. Shalala*, 10
F.3d 678, 680 (9th Cir. 1993) ("[T]he mere existence of an impairment is
insufficient proof of a disability.").  A claimant must show that she is precluded
from engaging in substantial gainful activity by reason of her impairments.  *Id.*
(citing 42 U.S.C. § 423(d)(1)(A)).  The ALJ found that Evans had no impairment in
activities of daily living, mild limitation in social functioning and concentration,
persistence or pace with no episodes of decompensation.  AR 11-13.  When a
claimant's degree of limitation in the first three functional areas is none or mild,
and none in the fourth functional area, "we will generally conclude that your
impairment(s) is not severe, unless the evidence otherwise indicates that there is
more than a minimal limitation in your ability to do basic work activities."  20
C.F.R. § 404.1520a(d)(1); 20 C.F.R. § 416.920a(d)(1).  The ALJ did not err.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is
affirmed.

///

///

---

[3] Evans' mental status examination indicated she had average intellectual
functioning, average fund of knowledge, normal memory, fair insight and poor
judgment.  AR 182.

1    IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

2    Order and the Judgment herein on all parties or their counsel.

3

4    DATED: May 3, 2011                    _____
                                           ALICIA G. ROSENBERG
5                                          United States Magistrate Judge